IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

STEVE A. WHITE                                                                         PLAINTIFF

vs.                                          CIVIL NO. 04-6144

JO ANNE B. BARNHART,
COMMISSIONER, SOCIAL SECURITY ADMINISTRATION                                            DEFENDANT

## MEMORANDUM OPINION

Steve White ("plaintiff"), brings this action pursuant to § 205(g) of the Social Security Act ("the Act"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration denying his applications for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI"), under Titles II and XVI of the Act.

**Background:**

The applications for DIB and SSI now before this court were protectively filed on July 29, 2002,[1] alleging an onset date of May 1, 1997, due to lumbar degenerative disc disease ("DDD"), spondylosis, lumbar facet syndrome, chronic obstructive pulmonary disease ("COPD"), hypertension, and hearing problems. (Tr. 57-59, 76, 223B-223E, 244-248). An administrative hearing was held on January 7, 2004. (Tr. 233-262). Plaintiff was present and represented by counsel.

At the time of the administrative hearing on January 7, 2004, plaintiff was fifty-seven years

---

[1]Records indicate that plaintiff had filed a prior application for benefits, which was appealed to this court, and the decision affirmed on June 13, 2001. (White v. Barnhart, 00-CV-6102, Doc. # 9). As such, both parties agree that the relevant time period in this case actually began on August 28, 1999, the day after the ALJ issued his previous decision. (Doc. # 9, 10).

AO72A
(Rev. 8/82)

old. (Tr. 240-241). The evidence reveals that he had a seventh grade education, with past relevant work experience ("PRW"), as a sanitation worker, warehouse worker, forklift operator, and construction laborer. (Tr. 94, 243-244, 254). In addition, plaintiff indicated that he had served in the Army from 1968-1971. (Tr. 241).

Plaintiff testified that his most significant problem was pain in the lower lumbar section of his back and down his legs. (Tr. 248). He reported problems with numbness in his feet and legs, stating that he just could not walk at times.

On June 15, 2004, the Administrative Law Judge ("ALJ"), issued a written opinion finding that, although severe, plaintiff's DDD and hypertension did not meet or equal the criteria of any of the impairments listed in Appendix 1, Subpart P, Regulations No. 4. (Tr. 20). After discrediting plaintiff's subjective allegations, the ALJ then concluded that he maintained the residual functional capacity ("RFC"), to perform medium work, and that he could return to his PRW as a warehouse worker and forklift operator. (Tr. 20-21).

On September 3, 2004, the Appeals Council declined to review this decision. (Tr. 6-8). Subsequently, plaintiff filed this action. (Doc. # 1). The case is now before the undersigned by consent of the parties. Both parties have filed appeal briefs, and the case is now ready for decision. (Doc. # 9, 10).

**Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind

AO72A
(Rev. 8/82)

would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an

3

impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520, 416.920 (2003).

**Discussion:**

A thorough review of the record indicates that the ALJ failed to properly consider the medical evidence in determining plaintiff's RFC assessment. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). A disability claimant has the burden of establishing his or her RFC. *See Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir.2004). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004); *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003).

In the present case, the ALJ found plaintiff's DDD to be severe, and concluded that plaintiff

could perform a full range of medium work, with no exertional limitations. However, the evidence reveals that plaintiff was suffering from chronic lower back pain.

Records indicate that plaintiff had a history of lumbar DDD, lumbar spondylosis, and lumbar facet syndrome. (Tr. 121-132). On February 20, 2002, plaintiff was treated for back pain, bad headaches, and numbness in his arms and hips. (Tr. 202). He indicated that he was taking fifty BC Powders per day. (Tr. 202).

On November 20, 2002, plaintiff underwent a general physical examination. (Tr. 174-181). Plaintiff stated that he had injured his lower lumbar area approximately six years prior, and was told by a neurosurgeon that surgery would not help his condition. (Tr. 174). According to plaintiff, the doctor informed him that he was suffering from spondylolisthesis and DDD. In spite of treatment at the pain clinic, plaintiff reported continued severe pain and occasional weakness in his right leg, resulting in falls. (Tr. 174). He also complained of poor vision, ringing in his ears, high blood pressure, and shortness of breath. On examination, plaintiff was noted to have a decreased range of motion in plaintiff's lumbar spine and hips, and an abnormal straight-leg raising test. (Tr. 178). The doctor indicated that plaintiff experienced severe pain in his lower back with hip flexion. (Tr. 179). In addition, he was noted to have difficulty taking a first step, with some relief after taking several steps; an inability to walk on his heel-toes; and, an inability to squat and arise from a squatting position. (Tr. 179). As such, the doctor diagnosed plaintiff with lower back pain resulting from an old injury, and a history of chronic obstructive pulmonary disease, transient ischemic attack, severe head pain, and uncontrolled high blood pressure. (Tr. 181). Further, x-rays of his lumbar spine revealed DDD changes in the lumbar spine, greatest at the L1-2 level. (Tr. 182).

5

On July 8, 2003, plaintiff reported back pain, numbness in his left arm and both legs, difficulty walking, difficulty hearing, and uncontrolled blood pressure. (Tr. 218). His blood pressure reading was 150/102. After diagnosing him with chronic lower back pain, chronic radicular pain, and hypertension, the doctor prescribed Lotrel, Labalelol, Triamterene HCTZ, Alprazolam, Hydrocodone with APAP, and Ibuprofen. (Tr. 218).

On September 23, 2003, plaintiff was treated at Charitable Christian Medical Clinic. (Tr. 214). Records indicate that he was in need of medication refills, and had a blood pressure reading of 150/90. Further, plaintiff stated that the Buspar had not been effective at its current dosage, complained of anxiety, and reported chronic back pain. After diagnosing him with hypertension and DDD, the doctor directed him to discontinue the Buspar. He was then prescribed Paxil CR, Lotrel, and Lotensin HCTZ. (Tr. 214).

On December 9, 2003, plaintiff reported continued back pain, problems with walking and standing, and a need for medication refills. (Tr. 220). His blood pressure was still high, at 124/92. Further, plaintiff stated that the Hydrocodone was not affecting his pain. The doctor noted that plaintiff had give way weakness in his leg muscles, and a stiff, unsteady gait. As such, he was diagnosed with lower back pain, possibly arthritic in nature. For this, the doctor ordered an MRI of his lumbar spine, and prescribed Aleve. (Tr. 220).

In spite of this evidence, the ALJ concluded that plaintiff had no non-exertional limitations. He concluded that plaintiff's subjective complaints were not supported by the overall medical evidence. Further, the ALJ supported his opinion by referencing plaintiff's reported activities, which merely included an ability care for his personal hygiene, change the sheets, go to the Post Office,

6

prepare sandwiches and frozen dinners, count change, drive familiar and unfamiliar short routes, watch television, listen to the radio, read, visit friends and relatives, and sit on the porch. (Tr. 89-90). Clearly, none of these activities negate the possibility that plaintiff was suffering from severe or chronic pain. Therefore, because the evidence supports a finding that plaintiff was suffering from chronic pain, pain severe enough to interfere with the range of motion in his back and hips, cause him to exhibit a stiff and unsteady gait, and result in give way weakness in his legs, we believe that the case should be remanded to the ALJ for further evaluation concerning plaintiff's RFC. As pain is a non-exertional impairment, and non-exertional impairments that interfere with an individual's ability to perform work-related activities must be considered by a vocational expert, on remand, the ALJ is also directed to pose a hypothetical question to the VE to include this non-exertional impairment. *See Ellis v. Barnhart*, 392 F.3d 988, 996 (8th Cir. 2005).

In addition, the ALJ concluded that plaintiff's hypertension was severe, but controlled via medication, based on blood pressure readings in July, August, September, November and December 2003 that were above 120/80, which is considered to be normal for adults. (Tr. 214, 216, 218, 220, 222). *See* American Heart Association, *About High Blood Pressure*, *at* wwwamericanheart.org. However, the record indicates that plaintiff's readings continued to run higher than normal, in spite of him taking at least three blood pressure medications daily. Therefore, on remand, the ALJ is directed to reconsider his ruling concerning the severity of plaintiff's hypertension.

The ALJ also failed to properly consider plaintiff's lung impairments. The evidence reveals that plaintiff had previous diagnoses of COPD and emphysema. Further, x-rays had revealed an emphysematous chest without acute consolidation. (Tr. 171). Although pulmonary function tests

7

("PFTs"), were within normal range, plaintiff's spirometry results revealed a lung age of seventy-two. (Tr. 183-184). Based solely on plaintiff's PFT results, and without any advice from a treating or consulting physician, the ALJ concluded that plaintiff did not actually suffer from COPD. In fact, he independently reviewed the results and determined that a diagnosis of COPD had been ruled out. (Tr. 18, 244). However, in so doing, he made a medical diagnosis determination, which he is not qualified to do. *See Ness v. Sullivan*, 904 F.2d 432, 435 (8th Cir. 1990); *Fowler v. Bowen,* 866 F.2d 249, 252 (8th Cir. 1989). As such, we find that the ALJ improperly substituted his opinion for that of a medical professional. Therefore, on remand, he is directed to further develop the medical record regarding whether plaintiff actually suffered from COPD.

It is also significant to point out that the only RFC assessments contained in the file were completed by non-examining, consultative physicians. (Tr. 189-198, 203-212). We note that the opinion of a consulting physician who examined the plaintiff once, or not at all, does not generally constitute substantial evidence. *See Jenkins v. Apfel*, 196 F.3d 922, 925 (8th Cir. 1999). As this plaintiff carries diagnoses of DDD, COPD, and uncontrolled hypertension, we believe that the case should be remanded to allow the ALJ to obtain physical RFC assessments from plaintiff's treating sources.

Accordingly, on remand, the ALJ is directed to address interrogatories to the physicians who have evaluated and/or treated plaintiff, asking them to review plaintiff's medical records; complete a mental and physical RFC assessment regarding plaintiff's capabilities during the time period in question; and, provide the objective basis for their opinions, so that an informed decision can be made regarding plaintiff's physical and mental ability to perform basic work activities on a sustained

AO72A
(Rev. 8/82)

basis during the relevant time period in question. *Chitwood v. Bowen*, 788 F.2d 1376, 1378 n.1 (8th Cir. 1986); *Dozier v. Heckler*, 754 F.2d 274, 276 (8th Cir. 1985).

**Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the plaintiff, should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

ENTERED this 22nd day of November 2005.

/s/ Bobby E. Shepherd
HONORABLE BOBBY E. SHEPHERD
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)