IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

STEVE A. WHITE                                                                    PLAINTIFF

                    v.                            Civil No. 04-6144

JO ANNE B. BARNHART,
Commissioner, Social
Security Administration                                                          DEFENDANT

### MEMORANDUM OPINION

Plaintiff, Steve S. White, appealed to this Court from the denial of her application(s) for

disability benefits, by the Commissioner of the Social Security Administration (hereinafter

"Commissioner") (Doc. #1).  On November 22, 2005, the undersigned remanded this matter to

the Commissioner for further consideration (Doc. # 11 & 12).

Plaintiff's attorney, Donald C. Pullen, filed a Plaintiff's Application and Affidavit for

Attorney's Fees under the EAJA (the *Equal Access to Justice Act*, hereinafter the "*EAJA*"), on

November 30, 2005 (Doc. #13).  The Commissioner filed her response on December 13, 2005

(Doc. #14).  The Court finds this matter is now ready for consideration.

*28 U.S.C. § 2412(d)(1)(A)* provides that the Court must award attorney's fees to a

prevailing social security claimant unless the Commissioner's position in denying benefits was

substantially justified.  The Commissioner has the burden of proving that the denial of benefits

was substantially justified.  *Jackson v. Bowen, 807 F.2d 127, 128 (8th Cir.1986).*

Plaintiff is the prevailing party in this matter.  The Commissioner fails to oppose the

award of a reasonable attorney's fee under the *EAJA,* the hourly rate for which compensation is

sought, or the number of hours for which compensation is  sought.  The Court construes the lack

of opposition to the award of a reasonable fee as an admission that the government's decision to deny benefits was not "substantially justified."

An award of attorney's fees under the *EAJA* is appropriate even though at the conclusion of the case, plaintiff's attorney may be authorized to charge and collect a fee pursuant to *42 U.S.C. § 406(b)(1)*. Recovery of attorney's fees under both the *EAJA* and *42 U.S.C. § 406(b)(1)* was specifically allowed when Congress amended the *EAJA* in 1985. *Gisbrecht v. Barnhart, 535 U.S. 789, 796, 122 S.Ct. 1817, 1822, 152 L.Ed.2d 996 (2002),* citing *Pub.L. 99-80, § 3, 99 Stat. 186 (1985).*

> To permit a fee award under the EAJA, assuming, of course, that the necessary standard is met, in addition to that allowed by the district court out of a claimant's past-due benefits does no more than reimburse the claimant for his or her expenses and results in no windfall for the attorney.

*Meyers v. Heckler, 625 F.Supp. 228, 231 (S.D.Ohio 1985).* Furthermore, awarding fees under both acts facilitates the purposes of the *EAJA*, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *Id.* See also, *Cornella v. Schweiker, 728 F.2d 978 (8th Cir.1984).*

In determining a reasonable attorney's fee, the Court will in each case consider the following factors: time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and, the amount involved. *Allen v. Heckler, 588 F.Supp. 1247 (W.D.N.Y. 1984)*.

However, the *EAJA* is not designed to reimburse without limit. *Pierce v. Underwood,*

-2-

*487 U.S. 552, 573 (1988).* The district court is "in the best position to evaluate counsel's services and fee request, particularly when the court has had the opportunity to observe firsthand counsel's representation on the substantive aspects of the disability claim." *Hickey v. Secretary of HHS, 923 F.2d 585, 586 (8th Cir.1991),* quoting *Cotter v. Bowen, 879 F.2d 359, 361 (8th Cir.1989).* The court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner. See *Decker v. Sullivan, 976 F.2d 456, 459 (8th Cir.1992)* ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

*The Contract with America Advancement Act of 1996*, passed on March 29, 1996, amended the *EAJA* and increased the statutory ceiling for *EAJA* fee awards from $75.00 to $125.00 per hour. See *28 U.S.C. § 2412(d)(2)(A).*

The *EAJA* further requires an attorney seeking fees to submit "an itemized statement...stating the actual time expended and the rate at which fees and other expenses were computed." *28 U.S.C. § 2412(d)(1)(B).* Attorneys seeking fees under federal fee-shifting statutes such as the *EAJA* are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of the work." *Id.* Where documentation is inadequate, the court may reduce the award accordingly. *Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).*

Plaintiff's attorney requests an award under the *EAJA* at $150.00 per hour, for the 20.00 hours of attorney time, which he asserts was devoted to the representation of plaintiff in this Court (Doc. #13, exhibits 1 & 2).

The party seeking attorney fees bears the burden of proving that the claimed fees are

-3-

reasonable. *Hensley v. Eckerhart, 461 U.S. at 437.*

Plaintiff's counsel submits that he is entitled to an *EAJA* fee rate of $150.00 per hour, which represents the statutory fee of $125.00 and an additional $25.00 per hour based upon an increased cost of living. However, counsel failed to present or attach any evidence of an increased cost of living to the pleadings. Although, the Commissioner has no objection, and avers that the requested hourly rate is reasonable, we disagree. We note that awarding a fee of $125.00 per hour, in the absence of evidence of an increased cost of living, is proper. Thus, upon consideration of the above factors, we find that an appropriate hourly rate for the award of attorney's fees in this case is $125.00 per hour.

Further, we note that the defendant has failed to object to the number of hours for which counsel seeks a fee award. Nonetheless, as always, we have carefully reviewed the time records submitted in plaintiff's counsel's Declaration (Doc. #13, exhibit 2 pp. 1-3).

Counsels seeks compensation for 0.50 hours on September 7, 2004 (review unfavorable decision from Appeals Council and dictate letter to Plaintiff (Doc. #13, exhibit 2 p. 1). However, plaintiff's district court case was not filed until November 4, 2004 (Doc. #1). Plaintiff's counsel did not begin work on preparation of the complaint until October 26, 2004 (Doc. #13, exhibit 2 p.1). Thus, we find that counsel is not entitled to compensation for this time, as it was not performed in representation of the plaintiff in the district court. See *Cornella v. Schweiker, 728 F.2d 978, 988 (8th Cir.1984); see also, Shalala v. Schaefer, 509 U.S. 292 (1993); Sullivan v. Hudson, 490 U.S. 877 (1989)* (An attorney is entitled to *EAJA* fees for services rendered at the district court level). Accordingly, the 0.50 hours, alleged for services not performed before the District Court, must be deducted from the total compensable time

-4-

AO72A
(Rev. 8/82)

sought by counsel.

Counsel also seeks compensation for 1.75 hours on October 26, 2004 (conference with Plaintiff to review file; review medical records getting updated information; discussion with legal assistant; prepare complaint; civil coversheet and summons; certified copies and certified receipts to all Defendants), from which we deduct 0.75 hours. This time cannot be compensated, in full, under the *EAJA*. *Granville House, Inc. v. Department of HEW, 813 F.2d 881, 884 (8th Cir.1987)* (work which could have been completed by support staff is not compensable under the EAJA). We therefore deduct 0.75 hours from the compensable time sought.

Further, plaintiff seeks compensation for 1.00 hour on March 30, 2005 (review defendant's brief, discussion with paralegal regarding responsive brief), from which we deduct 0.75 hours. Counsel asserts that he has many years of experience in this field of law, the brief filed by the government was largely routine and no responsive brief was ever filed by plaintiff. The compensable time sought for the accomplishment of this task is excessive, and we find that an additional 1.00 hours should be deducted.

Total deductions from compensable time sought equal 2.25 hours. Thus, we find that plaintiff's counsel is entitled to compensation for 17.75 hours spent in the representation of this plaintiff before the district court at the rate of $125.00 per hour, for a total attorney's fee award of $2,218.75 under the *EAJA*.

The parties are reminded that the award herein under the *EAJA* will be taken into account at such time as a reasonable fee is determined pursuant to *42 U.S.C. §406*, in order to prevent double recovery by counsel for the plaintiff.

-5-

AO72A
(Rev. 8/82)

IT IS SO ORDERED this  2nd day of May, 2006.

                                             /s/Bobby E. Shepherd
                                             Honorable Bobby E. Shepherd
                                             United States Magistrate Judge

-6-